IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT LEE LEWIS,                    )
                                     )
            Petitioner,              )
                                     )
v.                                   )        Civil Action Nos. 2:16-03194
                                     )
DAVID BALLARD, *et al.*,             )
                                     )
            Respondents.             )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Respondents' "Motion to Dismiss an Improperly-Named Party and Correct Case Caption" (Document No. 16), filed on April 25, 2016; (2) Respondents' "Motion to Dismiss Petition for Failure to Exhaust State Remedies" (Document No. 18), also filed on April 25, 2016; and (3) Petitioner's "Motion for Leave to Hold the § 2254 Writ of Habeas Corpus in Abeyance" (Document No. 23), filed on May 11, 2016.[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court grant Respondents' "Motion to Dismiss an Improperly-Named Party and Correct Case Caption" and "Motion to Dismiss Petition for Failure to Exhaust State Remedies" and deny Petitioner's "Motion for Leave to Hold the § 2254 Writ of Habeas Corpus in Abeyance."

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## PROCEDURAL HISTORY

**A.      Criminal Action No. 09-F-505:**

On November 5, 2009, Petitioner was convicted by a jury in the Circuit Court of Kanawha County, West Virginia, of burglary, abduction with intent to defile, and second degree sexual assault. State v. Lewis, 235 W.Va. 694, 698, 776 S.E.2d 591, 595 (2015); (Document No. 18-1, pp. 2 - 4.) Prior to the commencement of the jury trial, Petitioner pled guilty in Case No. 09-M-67 to violating a domestic violence protective order. (Id., pp. 2 - 8.) Subsequently, the State filed a recidivist information against Petitioner alleging that Petitioner had a prior 1994 conviction of voluntary manslaughter. (Id., pp. 35 - 60.) On March 29, 2010, a jury determined Petitioner was a recidivist as charged in the information. Lewis, 235 W.Va. at 699, 776 S.E.2d at 596. On April 20, 2010, the Circuit Court sentenced Petitioner to the following terms of imprisonment:

> One to fifteen years for burglary; three to ten years for abduction with intent to defile; and twelve months for violating the domestic violence protective order. In addition, based on the recidivist conviction, the trial court enhanced the petitioner's sentence for second degree sexual assault by increasing the statutory ten to twenty-five year terms of imprisonment to twenty to twenty-five years, as provided for in West Virginia Code § 61-11-18 (2014), the recidivist sentencing statute.

Id., 235 W.Va. at 699-700, 776 S.E.2d at 596-597; (Document No. 18-1, pp. 2 - 4.) All sentences were ordered to run consecutively with the exception of the twelve-month sentence, which was ordered to run concurrently with the other sentences. (Id.)

**B.      State *Habeas* Petition:**

On January 4, 2012, Petitioner, proceeding *pro se*, filed his Petition for Writ of *Habeas Corpus* in the Circuit Court of Kanawha County. Lewis v. Ballard, Case No. 12-MISC-4 (Cir. Ct. Kanawha Co.); (Document No. 18-1, pp. 10 - 16.) Petitioner raised the following grounds for

*habeas* relief:

> 1.   [Petitioner] was denied the constitutional right to appeal his convictions in direct violation of the W.Va. Constitution, Art. III, § 10 & 17, mandating resentencing and new appeal rights.
>
> 2.   Ineffective assistance of counsel on appeal in derogation of W. Va. Constitution, Art III, § 10 & 14 mandating resentencing and new appeal counsel.

(Id.) In support of the forgoing grounds, Petitioner stated that he "advised the Court and his attorney of his intent to appeal." (Id.) Petitioner, however, explained that "no appeal was taken by his attorney and the attorney would not answer [Petitioner's] letters." (Id.) On January 6, 2012, the Circuit Court denied Petitioner's *habeas* petition. (Id., pp. 18 - 19.)

On February 1, 2012, Petitioner, acting *pro se*, filed his appeal concerning the Circuit Court's decision denying his *habeas* Petition. (Id., pp. 21 - 30.) Specifically, Petitioner argued that the Circuit Court erred by the following:

> 1.   The Circuit Court erred in failing to find that Petitioner was denied effective assistance of counsel based upon counsel's failure to file a direct appeal.
>
> 2.   The Circuit Court erred in failing to find that Petitioner was denied effective assistance of counsel based upon counsel's failure to file a direct appeal challenging the following:
>
>> (a)   Petitioner's consecutive sentences;
>>
>> (b)   The Legislators' failure to "clearly and unequivocally declared its intention that Abduction with Intent to Defile, W. Va. Code § 61-2-14, is a separate and distinct crime from general sexual offenses, W. Va. Code § 61-8B-1, et. seq., for purposes of punishment;" and
>>
>> (c)   The "indictment, trial, conviction and sentence of Petitioner for a violation of West Virginia Code § 61-3-11(a) when there were essential elements of the common law offense of burglary in dispute."

(Id.) By Memorandum Decision filed on March 29, 2013, the West Virginia Supreme Court of Appeals determined that "the record [was] unclear whether petitioner requested counsel to appeal" and remanded the case back to the Circuit Court for a hearing on the issue.[2] State ex rel. Lewis v. Ballard, 2013 WL 1286150 * fn 2 (W. Va. March 29, 2013). The West Virginia Supreme Court further instructed that "[i]f it is determined that petitioner did make such a request, he should be resentenced for purposes of appeal and appointed appellate counsel." Id.

In accordance with the West Virginia Supreme Court's decision, the Circuit Court appointed Mr. Matthew A. Victor as *habeas* counsel and scheduled an omnibus hearing by Order filed on April 11, 2013. (Document No. 18-1, pp. 80 - 81.) The Circuit Court conducted an omnibus hearing on December 5, 2013. (Document No. 18-2, pp. 5 - 6.) By Order entered on December 16, 2013, the Circuit Court directed Petitioner to file any Amended Petition and Memorandum in Support by February 3, 2014. (Id., pp. 2 - 3.) On January 28, 2014, Petitioner, by counsel, filed his Amended Petition asserting the following grounds for *habeas* relief:

1. Petitioner received ineffective assistance of counsel when his trial counsel failed to pursue a direct appeal;

2. Petitioner's sentence violated double jeopardy;

3. The trial court failed to properly instruct the jury regarding the charge of abduction with intent to defile;

4. West Virginia Code § 61-2-14(a) is unconstitutionally vague;

5. There was insufficient evidence to convict Petitioner on the burglary charge;

---

[2] The West Virginia Supreme Court noted that Petitioner also included "substantive issues that he apparently desires counsel to raise in an appeal." The West Virginia Supreme Court, however, noted that "[t]he only issued petitioner raised in his habeas petition was counsel's failure to file an appeal. Therefore, this Court will not pass on petitioner's substantive issues in the first instance." *State ex rel. Lewis v. Ballard*, 2013 WL 1286150 * fn 2 (W. Va. March 29, 2013).

6.   The trial court improperly enhanced Petitioner's recidivist sentence;

7.   There was insufficient evidence to convict Petitioner of second degree sexual assault;

8.   The trial court erred in admitting an out-of-state conviction during Petitioner's recidivist proceedings; and

9.   Cumulative error in the trial proceedings violated Petitioner's due process rights.

(Id., p. 10.) By Agreed Order entered on March 19, 2014, the Circuit Court granted in part and denied in part Petitioner's Amended Petition. (Id., pp. 28 - 31.) Specifically, the Circuit Court granted Petitioner's Amended Petition concerning his claim that trial counsel was ineffective in failing to pursue a direct appeal of Petitioner's underlying conviction. (Id.) The Circuit Court, therefore, determined that resentencing for the purposes of reinstating Petitioner's appeal rights was appropriate and necessary. (Id.) Concerning the remaining grounds asserted in Petitioner's Amended Petition, the Circuit Court denied Petitioner's claims as moot and dismissed the claims without prejudice. (Id.) Petitioner did not file an appeal with the West Virginia Supreme Court of Appeals.

**C.      Resentencing and Direct Appeal:**

By Order entered on March 27, 2014, the Circuit Court resentenced Petitioner to the same sentence as previously imposed and appointed Mr. Victor as appellate counsel. (Id., pp. 32 - 34.) Petitioner filed his Petition for Appeal with the West Virginia Supreme Court of Appeals on June 10, 2014. (Id., pp. 48 - 71.) In his Petition, Petitioner asserted the following errors:

1.   The trial court erred in imposing upon the Petitioner consecutive sentences for the same transaction in violation of the principles of double jeopardy;

2.   Since the trial court erred in failing to instruct the jury on an element of Abduction with Intent to Defile, the Petitioner was convicted of the offense whose element was not contained in the jury instructions;

5

3.  The West Virginia Code § 61-2-14(a) (1984), Abduction with Intent to Defile, is unconstitutional, due to the semantic vagueness of the term "intent to defile;"

4.  There was insufficient evidence to convict Petitioner on the Burglary charge due to legal impossibility;

5.  The trial court committed reversible error in improperly enhancing the Petitioner's recidivist sentence;

6.  There was insufficient evidence at the Petitioner's trial to convict the Petitioner of Second Degree Sexual Assault;

7.  At the Petitioner's recidivist trial, the trial court erred in admitting into evidence an out-of-state conviction secured in violation of the Petitioner's constitutional rights; and

8.  The cumulative errors in the proceedings before the trial court deprived the Petitioner of a due process guaranteed fair trial.

(Id., p. 52.) By Opinion entered on May 29, 2015, the West Virginia Supreme Court affirmed Petitioner's convictions and sentences. State v. Lewis, 235 W.Va. 694, 776 S.E.2d 591 (2015). On June 18, 2015, Petitioner filed a timely petition for rehearing on the issue of whether West Virginia Code § 61-11-18 is unconstitutionally ambiguous. (Document No. 18-2, pp. 99 - 106.) By Order entered on August 25, 2015, the West Virginia Supreme Court refused Petitioner's petition for rehearing.[3] (Id., p. 108.)

**D.     Section 2254 Petition:**

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus By a Person in State Custody* and Memorandums in Support on April 4, 2016. (Document No. 2 - 4.) In his Petition, Petitioner alleges the following grounds for *habeas* relief (Document No. 2,

---

[3] The undersigned notes that "[r]aising a claim in a petition for rehearing does not fairly present the claim to the state's highest court." *Hendrick v. True*, 443 F.3d 342, 365, n. 1 (4th Cir. 2006).

pp. 5 - 14.):

1.    Petitioner was denied due process of law as secured by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution when petitioner was convicted and sentenced for violating West Virginia Code § 61-12-14(a).

2.    Petitioner was denied due process of law as secured by the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution when he was tried, convicted, and sentenced for burglary.

3.    Petitioner was denied due process of law when the Circuit Court of Kanawha County determined Petitioner had a prior felony conviction and enhanced Petitioner's sentence of sexual assault in the 2nd Degree, as requested by the State, rather than the burglary sentence.

(Id.) By Order entered on April 6, 2016, the undersigned directed Respondent to file a Response to Petitioner's Petition. (Document No. 8.)

On April 20, 2016, Petitioner filed his "Motion to Supplement the Petition for Post-Conviction Relief." (Document No. 11.) In his Motion, Petitioner requested permission to supplement his Petition with a Memorandum in Support that addresses this third claim for relief. (Id.) Petitioner explained that he failed to address his third claim for relief in his prior Memorandum in Support. (Id.) As an Exhibit, Petitioner attached a copy of his Supplemental "Memorandum in Support of Petition for Post-Conviction Relief." (Document No. 12.) By Order entered on April 22, 2016, the undersigned granted Petitioner's "Motion to Supplement the Petition for Post-Conviction Relief." (Document No. 15.)

On April 25, 2016, Respondents filed their Answer, "Motion to Dismiss an Improperly-Named Party and Correct Case Caption," "Motion to Dismiss Petition for Failure to Exhaust State Remedies," and Memorandum in Support. (Document No. 16 - 19.) As Exhibits, Respondents attach the following: (1) A copy of the Circuit Court's Sentencing Order as filed in

State v. Lewis, Case Nos. 09-F-505 and 09-M-67 (Cir. Ct. Kanawha Co. April 27, 2010) (Document No. 18-1, pp. 2 -4.); (2) A copy of Petitioner's "Plea of Guilty" as filed on November 2, 2009, in Case No. 09-M-67 (Id., pp. 6 - 8.); (3) A copy of Petitioner's Petition for Writ of *Habeas Corpus* as filed on January 4, 2012, in the Circuit Court of Kanawha County (Id., pp. 10 -16.); (4) A copy of the Circuit Court's Order denying Petitioner's *habeas* Petition (Id., pp. 18 - 19.); (5) A copy of Petitioner's Notice of Appeal as filed with the West Virginia Supreme Court concerning the Circuit Court's order denying *habeas* relief (Id., pp. 21 - 30.); (6) A copy of the West Virginia Supreme Court's Scheduling Order (Id., pp. 32 - 33.); (7) A copy of Petitioner's Brief as filed with the West Virginia Supreme Court on May 2, 2012 (Id., pp. 35 - 60.); (8) A copy of the State's Summary Response and Motion to Dismiss as filed with the West Virginia Supreme Court on June 14, 2012 (Id., pp. 62 - 71.); (9) A copy of "Petitioner-Appellant's Reply" as filed with the West Virginia Supreme Court on July 6, 2012 (Id., pp. 73 - 78.); (10) A copy of the Circuit Court's "Order Appointing Counsel and Setting Hearing" dated April 11, 2013 (Id., pp. 80 - 81.); (11) A copy of the Circuit Court's Order setting forth the deadline for Petitioner to file an amended *habeas* petition (Document No. 18-2, pp. 2 - 3.); (12) A copy of the Circuit Court's "Notice of Hearing" (Id., p. 5 - 6.); (13) A copy of Petitioner's "Amended Petition for Writ of *Habeas Corpus*" as filed in the Circuit Court (Id., pp. 8 - 26.); (14) A copy of the Circuit Court's "Agreed Order Granting, In Part, and Denying, In Part, Petition for Writ of *Habeas Corpus* as entered on March 19, 2014 (Id., pp. 28 - 31.); (15) A copy of the Circuit Court's "Order Re-Sentencing Defendant and Appointing Appellate Counsel" as filed on March 28, 2014 (Id., pp. 32 - 34.); (16) A copy of Petitioner's "Notice of Appeal" as filed with the West Virginia Supreme Court on April 3, 2014 (Id., pp. 36 - 43.); (17) A copy of the West Virginia Supreme

Court's "Scheduling Order" (Id., pp. 45 - 46.); (18) A copy of Petitioner's "Petition for Appeal" as filed on June 10, 2014 (Id., pp. 48 - 71.); (19) A copy of "Respondent's Brief" as filed with te West Virginia Supreme Court (Id., pp. 73 - 97.); (20) A copy of Petitioner's "Motion for Re-Hearing" as filed with the West Virginia Supreme Court (Id., pp. 99 - 106.); and (21) A copy of the West Virginia Supreme Court's Order denying Petitioner's request for a re-hearing (Id., p. 108.).

On April 26, 2016, Respondents filed their "Answer to Supplemental Petition." (Document No. 21.) Specifically, Respondents state that they incorporate their Answer, Motion to Dismiss, and Memorandum of Law. (Id.) Respondents explain that "nothing Petitioner adds in his supplemental petition effects the exhaustion issues raised in Respondents' Motion to Dismiss." (Id.)

On April 27, 2016, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's Motion to Dismiss. (Document No. 22.) On May 11, 2016, Petitioner filed his "Motion for Leave to Hold the § 2254 Writ of Habeas Corpus in Abeyance." (Document No. 23.) On May 13, 2016, Respondents filed their "Response in Opposition to Petitioner's Motion for Leave to Hold the § 2254 Writ of Habeas Corpus in Abeyance." (Document No. 25.)

On May 20, 2016, Petitioner filed his "Reply to Respondents' Motion to Dismiss" (Document No. 26.) Petitioner argues that Ground One was fairly presented to the West Virginia Supreme Court on May 12, 2012. (Id., p. 14.) Petitioner further argues that in 2012 and 2014, he presented to the West Virginia Supreme Court "what are, in 'substance,' the same claims for relief that petitioner now asks this Court to consider." (Id., p. 18.) Petitioner states that it "may

be an exercise in futility to again ask the State courts to rule on this meritorious issue." (Id., p. 14.)

On May 23, 2016, Respondents filed their "Reply to Petitioner's Response to Respondents' Motion to Dismiss and Supporting Memorandum of Law." (Document No. 27.) Specifically, Respondents argue as follows: (1) "Petitioner has failed to establish any ground for this Court to disregard AEDPA's exhaustion requirement" (Id., pp. 3 - 5.); and (2) "Dismissal without prejudice is the appropriate relief in this matter" (Id., pp. 5 - 6.)

**E.      Second State _Habeas_ Petition:**

On May 12, 2016, the Clerk of the Circuit Court of Kanawha County received and filed Petitioner's second Petition for Writ of _Habeas Corpus_. Lewis v. Ballard, Case No. 16-P-215 (Cir. Ct. Kanawha Co.); (Document No. 28-1.) Petitioner raised the following grounds for _habeas_ relief:

1.      Petitioner was denied due process of law as secured by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution when Petitioner was convicted and sentenced for violating West Virginia Code § 61-12-14(a).

2.      Petitioner was denied due process of law as secured by the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution when he was tried, convicted, and sentenced for burglary.

3.      Petitioner was denied due process of law when the Circuit Court of Kanawha County determined Petitioner had a prior felony conviction and enhanced Petitioner's sentence of sexual assault in the 2nd Degree, as requested by the State, rather than the burglary sentence.

(Id., pp. 5 – 13.) This Petition is currently pending in the Circuit Court. (Document No. 28-2.)

## THE APPLICABLE STANDARD

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules

of Civil Procedure apply to motions to dismiss. <u>See</u> <u>Walker v. True</u>, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); <u>also see</u> Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section 2254 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true." <u>Walker v. Kelly</u>, 589 F.3d 127, 139 (4th Cir. 2009)(citing <u>Wolfe v. Johnson</u>, 565 F.3d 140, 169 (4th Cir. 2009). The court, however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" <u>Massey v. Ojaniit</u>, 759 F.3d 343, 353 (4th Cir. 2014)(quoting <u>Blankenship v. Manchin</u>, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition any attached exhibits." <u>Wolfe</u>, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for summary judgment. <u>Walker</u>, 589 F.3d at 139.

In the instant proceedings, Respondents filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure alleging that Petitioner failed to exhaust his state remedies. (Document No. 18.) Respondents, however, filed an Answer in conjunction with the Motion to Dismiss. (Document Nos. 17 and 21.) Thus, Respondents' Motion to Dismiss should be construed as a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. <u>Walker</u>, 589 F.3d at 139("Because the Commonwealth filed its

answer to Walker's petition and its motion to dismiss simultaneously, it technically should have filed the motion under Rule 12(c) as one for judgment on the pleadings."). The undersigned, however, notes that the same standard of review applies to both a motion to dismiss and a motion for judgment on the pleadings.

## ANALYSIS

### 1.    Improperly-Named Party:

In Respondents' "Motion to Dismiss an Improperly-Named Party and Correct Case Caption," Respondents contend that Attorney General Patrick Morrisey should be dismissed as a party to the above action. (Document No. 16.) Petitioner failed to address the above argument in his Response in Opposition. (Document No. 26.)

Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Rules Governing Section 2254 Cases in the United States District Courts, Rule 2. Subsection (b) provides that "[i]f the petitioner is not yet in custody - - but may be subject to future custody - - under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." *Id.* In the instant case, Petitioner names the following as Respondents: (1) David Ballard, Warden of Mount Olive Correction Center; and (2) Patrick Morrisey, Attorney General of the State of West Virginia. Thus, it appears that Petitioner named the respondents based upon Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 2(b), however, does not apply in the instant case because Petitioner is clearly "in custody." The record reveals

that Petitioner is incarcerated at the Mount Olive Correction Center. As such, the only proper respondent in the instant case is David Ballard, the Warden of Mount Olive Correction Center. Accordingly, the undersigned respectfully recommends that the District Court grant Respondents' "Motion to Dismiss an Improperly-Named Party and Correct Case Caption" (Document No. 16).

## 2.    Failure to Exhaust:

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds*, United States v. Barnette, 644 F.3d 192 (4th Cir. 2011). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles' 'must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). Although it is unnecessary to cite "book and verse on the federal constitution," "[i]t is

not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." See Picard, 404 U.S. at 278, 92 S.Ct. at 514; Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982)(internal citations omitted); Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000). The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Matthews, 105 at 911. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 886, 130 L.Ed.2d 865 (1995); see also Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)(stating that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'"). Petitioner must also provide the state court with the facts supporting the claimed constitutional violation and "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the state's highest court on

either direct or collateral review. Id. at 844, 119 S.Ct. at 1732. In West Virginia, prisoners may exhaust their available State court remedies by the following: (1) stating cognizable federal constitutional claims in a direct appeal to the West Virginia Supreme Court of Appeals; (2) stating cognizable federal constitutional claims in a petition for a writ of *habeas corpus* in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the West Virginia Supreme Court of Appeals; or (3) filing a petition for writ of *habeas* corpus under the West Virginia Supreme Court's original jurisdiction and receiving a dismissal with prejudice.[4] Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); McDaniel v. Holland, 631 F.Supp. 1544, 1545-46 (S.D.W.Va. 1986).

In the Motion to Dismiss, Respondents argue that Petitioner's Petition should be dismissed for failure to exhaust. (Document No. 19.) In Response, Petitioner first filed a "Motion for Leave to Hold the § 2254 Writ of Habeas Corpus in Abeyance" wherein Petitioner appears to acknowledge that his claims are unexhausted. (Document No. 23.) Subsequently, Petitioner filed his Response in Opposition wherein he argues that he claims are fully exhausted. (Document No. 26.) As an alternative argument, Petitioner argues that the Court should find good cause for his failure to exhaust and hold the instant proceedings in abeyance to allow Petitioner the opportunity to fully exhaust his claim in State court. (Id.) In his Petition, Petitioner asserts three grounds for relief. (Document No. 2, pp. 5 - 13.) The undersigned will consider each ground in turn.

---

[4]  An original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the petitioner's state court remedies. *See Moore*, 879 F.Supp. at 593; *McDaniel*, 631 F.Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-09 (4th Cir. 1990)(*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997)).

a.      *Ground One:*

In Ground One of his Petition, Petitioner argues as follows: "Petitioner was denied due process of law as secured by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution when petitioner was convicted and sentenced for violating West Virginia Code § 61-12-14(a)." (Document No. 2, p. 5.) As supporting facts, Petitioner explains that he was indicted for kidnapping in violation of W. Va. Code § 61-2-14(a) but convicted of the lesser included offense of abduction in violation of W. Va. Code § 61-2-14(a). (Id.) Thus, Petitioner first complains that he was not properly indicted for abduction in violation of his rights under the Fifth and Sixth Amendments[5] [herein after, "Ground 1(a)"]. (Id., pp. 5 and 7.) Second, Petitioner argues that "abduction is not a lesser included offense of kidnapping" [herein after, "Ground 1(b)"]. (Id., pp. 5 - 6.) Finally, Petitioner asserts that "[t]here is no clear legislative intent to aggregate sentences for the crime of abduction and the related crime of sexual assault (2nd Degree) similar to the legislative declaration to impose separate punishments upon individuals in positions of trust who sexually abuse minors in the care custody and control" [herein after, "Ground 1(c)"]. (Id., p. 5.)

First, Respondents contend that Ground One of Petitioner's Petition is unexhausted. (Id., pp. 9 - 10.) Respondents explain that Petitioner did not fairly present the following claims under Ground One: (1) Petitioner did not challenge the validity of the indictment; (2) Petitioner did not argue that his underlying criminal proceedings violated Article 3, Section 4 of the West Virginia

_____

[5]   Specifically, Petitioner contends that he was not informed of the nature and cause of the accusations against him in violation of the Sixth Amendment. (Document No. 18-1, pp. 5 - 7.) Petitioner further claims that the indictment failed to "apprise [him] of the charges against him to enable [him] to plead a double jeopardy" as a defense in a future prosecution in violation of the Fifth Amendment. (*Id.*)

16

Constitution; and (3) Petitioner did not challenge his conviction of second degree sexual assault or abduction with intent to defile by attacking the legislative intent or purpose of these statutes. (Id., pp. 10 - 11.)

In Response, Petitioner argues that "[t]he Supreme Court of Appeal of West Virginia was apprised of the facts supporting coherent claims for relief in 2012 and 2014." (Document No. 26, p. 18.) Petitioner argues that he "presented to the highest state court what are, in 'substance,' the same claims for relief that petitioner now asks this Court to consider." (Id.) Petitioner, therefore, contends that the claims asserted in Ground One were fairly presented and should be deemed exhausted. (Id.)

First, the undersigned will consider Petitioner's 2012 State *habeas* proceedings. Based upon a thorough review of the record, the undersigned finds that the claims asserted in Ground One were not fairly presented in Petitioner's State *habeas* proceedings. In his State *habeas* Petition, Petitioner asserted a sole claim of ineffective assistance of counsel based upon counsel's failure to file a direct appeal. (Document No. 18-1, pp. 10 - 16.) In his appeal of the Circuit Court's denial of *habeas* relief to the West Virginia Supreme Court of Appeals, Petitioner asserted only claims based upon ineffective assistance of counsel. Although Petitioner expanded his ineffective assistance of counsel claim to include claims that counsel failed to assert certain substantive issues on direct appeal, Petitioner failed to fairly present any of the issues asserted in Ground One.[6] Following remand[7] from the West Virginia Supreme Court,

---

[6]   In his *habeas* appeal, Petitioner argued that trial counsel was ineffective in failing to file a direct appeal arguing that the Legislature had failed "to clearly and unequivocally declared its intention that Abduction with Intent to Defile, W. Va. Code § 61-2-14, is a separate and distinct crime from general sexual offenses, W. Va. Code § 61-8B-1, et. seq., for purposes of punishment." In Ground 1(c) of his instant Petition, Petitioner challenges the Legislative intent to aggregate sentences for the crime of Abduction and Second Degree Sexual Assault. Although

Petitioner Amended his State *habeas* Petition to include nine grounds for relief. (Document No. 18-2, pp. 2 - 3.) The Circuit Court granted Petitioner's State *habeas* Petition concerning his claim that counsel was ineffective in failing to file a direct appeal, and denied all remaining claims as moot and dismissed the claims without prejudice. Petitioner did not file a *habeas* appeal to the West Virginia Supreme Court of Appeals concerning the denial of his remaining claims as moot. Accordingly, the additional grounds asserted in Petitioner's Amended State *habeas* Petition were not presented to the West Virginia Supreme Court of Appeals and cannot be fully exhausted. Accordingly, Petitioner's State *habeas* proceedings did not result in exhaustion of any of the claims asserted in Ground One.

Next, the undersigned will consider whether any of the claims asserted in Ground One were fairly presented in Petitioner's direct appeal. A thorough review of the record, however, reveals that none of the claims asserted in Ground One were fairly presented in Petitioner's direct appeal to the West Virginia Supreme Court of Appeals. (Document No. 18-2, pp. 48 - 71.) In Assignment of Error No. 3, Petitioner argued that W. Va. Code § 61-2-14(a), Abduction with Intent to Defile, was "unconstitutional due to the semantic vagueness of the term 'intent to defile.'" (Document No. 18-2, pp. 52, 58 - 59.) In Grounds 1(a) and (b) of his instant Petition,

---

Petitioner's *habeas* appeal claim is somewhat similar to Ground 1(c), this is insufficient. Petitioner's State claim was clearly an ineffective assistance of counsel claim. Thus, Petitioner did not fully inform the State courts of "both the operative facts and controlling legal principles" of his claim as asserted in Ground 1(c) of his instant Section 2254 Petition. As stated above, "[i]t is not enough that all facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made." *Anderson*, 459 U.S. at 6, 103 S.Ct. at 276.

[7]   By Memorandum Decision filed on March 29, 2013, the West Virginia Supreme Court of Appeals remanded the case back to the Circuit Court for a hearing on the issue of "whether petitioner requested counsel to appeal." *State ex rel. Lewis v. Ballard*, 2013 WL 1286150 * fn 2 (W. Va. March 29, 2013).

Petitioner challenges the validity of his indictment for kidnapping. (Document No. 2, pp. 2 - 5.) Specifically, Petitioner argues that he was never indicted for abduction and abduction is not a lesser included offense of kidnapping. (Id.) Although Assignment of Error No. 3 involved a challenge to Petitioner's abduction conviction, Petitioner clearly did not challenge his abduction conviction based upon the allegation of a defective indictment. Accordingly, the undersigned finds that Grounds 1(a) and (b) were not properly presented in Petitioner's direct appeal to the West Virginia Supreme Court of Appeals.

In Assignment of Error No. 5, Petitioner argued that the trial court committed reversible error in improperly enhancing the Petitioner's recidivist sentence. (Document No. 18-2, pp. 52, 60 - 63.) Specifically, Petitioner argued that there was no legislative authority supporting the trial court's decision to double "the highest individual sentence, rather than the lowest, in a multi-count conviction for the recidivism-triggering offenses." (Id.) Once again, although this argument is somewhat similar to Ground 1(c) (no clear legislative intent to aggregate sentences for abduction and sexual assault convictions), such is insufficient to fairly present a claim to the State courts. As stated above, "[i]t is not enough that all facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made." Anderson, 459 U.S. at 6, 103 S.Ct. at 276. Based upon the foregoing, the undersigned finds that Petitioner failed to exhaust any of the claims asserted in Ground One.

**b.    *Ground Two:***

In Ground Two of his Petition, Petitioner argues as follows: "Petitioner was denied due process of law as secured by the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution when he was tried, convicted and sentenced for burglary." (Document No. 2, p. 8.)

As supporting facts, Petitioner first appears to argue that there was insufficient evidence to support the verdict [herein after, "Ground 2(a)"]. (Id.) Petitioner explains that he "shared legal possession" of the apartment with the victim at the time of the charged offense. (Id.) Petitioner contends that he and the victim were tenants in common because the rental agreement with the landlord was still in force. (Id.) Thus, Petitioner claims he "entered his own residence and did not burglarize the residence of another." (Id.) Second, Petitioner claims that he was improperly convicted of burglary for allegedly committing an assault or battery in a dwelling [herein after, "Ground 2(c)"]. (Id., p. 9.) Petitioner explains that an element of burglary is that an individual enters the dwelling house of another with specific intent to commit a felon in the dwelling. (Id.) Petitioner argues that assault and battery are misdemeanor, not felony, offenses. (Id.) Third, Petitioner argues that the jury instructions for burglary were improper [herein after, "Ground 2(c)"]. (Id., p. 9.) Petitioner explains that the trial court failed to instruct the jury that "the dwelling entered was the 'dwelling of another.'" (Id.) Petitioner further states that the trial court failed to instruct the jury on the elements of assault and battery. (Id.) Petitioner, therefore, argues that his burglary conviction resulted in a violation of his rights under the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution [herein after, "Ground 2(d)"]. (Id.)

In the Motion to Dismiss, Respondents contend that Ground Two of Petitioner's Petition is unexhausted. (Document No. 19, pp. 11 - 12.) Respondents assert that Petitioner sets forth several arguments in Ground Two that challenge the validity of his burglary conviction: (a) Petitioner could not be convicted of burglary because he possessed the apartment under a tenancy in common arrangement with his former girlfriend; (b) Petitioner was improperly indicted and convicted of burglary because he was only accused of attempting to commit

misdemeanors instead of felonies; and (c) Petitioner alleges that his burglary conviction resulted in a violation of the Fifth, Fourteenth, and Eighth Amendments. (Id.) Respondents acknowledge that Petitioner exhausted his claim that there was insufficient evidence to support his conviction. (Id.) Respondents, however, contend that Petitioner's remaining arguments were never fairly presented to the State courts. (Id.)

In Response, Petitioner argues that "[t]he Supreme Court of Appeal of West Virginia was apprised of the facts supporting coherent claims for relief in 2012 and 2014." (Document No. 26, p. 18.) Petitioner contends that he "presented to the highest state court what are, in 'substance,' the same claims for relief that petitioner now asks this Court to consider." (Id.) Petitioner, therefore, contends that the claims asserted in Ground Two were fairly presented and should be deemed exhausted. (Id.)

First, the undersigned will consider Petitioner's 2012 State *habeas* proceedings. As explained above, Petitioner's initial State *habeas* petition and subsequent *habeas* appeal involved only claims of ineffective assistance of counsel. Accordingly, Ground Two was not fairly presented to the State courts during these proceedings. On remand, Petitioner presented a number of claims in his Amended State *habeas* Petition. The Circuit Court granted *habeas* relief based upon Petitioner's ineffective assistance of counsel claim and denied all remaining grounds as moot. Petitioner did not file a *habeas* appeal to the West Virginia Supreme Court of Appeals concerning the denial of his remaining claims. Accordingly, the additional grounds asserted in Petitioner's Amended State *habeas* Petition were not presented to the West Virginia Supreme Court of Appeals and cannot be fully exhausted. Accordingly, Petitioner's State *habeas* proceedings did not result in exhaustion of any of the claims asserted in Ground Two.

Next, the undersigned will consider whether any of the claims asserted in Ground Two were fairly presented in Petitioner's direct appeal. In Assignment of Error No. 4, Petitioner argued that "there was insufficient evidence to convict the Petitioner on the burglary charge due to legal impossibility." (Document No. 18-2, pp. 52, 60.) Specifically, Petitioner asserted he and the victim shared legal possession of the apartment and he could not be convicted of "burglarizing the residence of 'another.'" (Id.) Thus, the undersigned finds that Petitioner properly exhausted Ground 2(a). A thorough review of the record, however, reveals that Petitioner did not present any claim challenging his burglary conviction based upon the following: (1) committing a misdemeanor, rather than a felony, in the dwelling of another (Ground 2(b)); (2) improper jury instructions (Ground 2(c)); and (3) a violation of his rights under the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution (Ground 2(d)). Therefore, the undersigned finds that Petitioner failed to exhaust Ground 2(b), (c), and (d).

> **c.    Ground Three:**

In Ground Three of his Petition, Petitioner argues as follows: "Petitioner was denied due process of law when the Circuit Court of Kanawha County determined petitioner had a prior felony conviction and enhanced petitioner's sentence of sexual assault in the 2nd Degree, as requested by the State, rather than the burglary sentence." (Document No. 2, p. 10.) As supporting facts, Petitioner first argues that "West Virginia Code § 61-11-18(a) is grievously ambiguous" [herein after, "Ground 3(a)"]. (Id., p. 11.) Petitioner explains that "the law provides no guidance or criteria as to which sentence must be enhanced when only one of three sentences may be enhanced." (Id.) Petitioner contends that the trial court should have enhanced his burglary conviction resulting in a 15 - 50 year sentence, instead of his sexual assault conviction

resulting in a 24 - 50 year sentence. (Id.) Second, Petitioner argues that the trial court should have considered Petitioner's age when imposing the recidivist sentence because "it is a well-established fact that recidivism rates decline as age increases" [herein after, "Ground 3(b)"]. (Id., p. 12.) Finally, Petitioner argues that the trial court should have considered "whether imposing a 20 to 50 year sentence on a forty-one (41) year old man with the express intention of incapacitating him for at least twenty to twenty-five years [was] consistent with the legislature's express intent" [herein after, "Ground 3(c)"]. (Id.)

In the Motion to Dismiss, Respondents contend that Ground Three of Petitioner's Petition is unexhausted. (Document No. 19, pp. 12 - 13.) First, Respondents acknowledge that Petitioner argued in his direct appeal that the trial court improperly enhanced his sentence for the sexual assault in the second degree rather than the burglary charge. (Id., p. 12.) Respondent, however, argues that Petitioner "asked the state supreme court to apply the rule of lenity and overturn the lower court's enhancement of the sexual assault charge." (Id., pp. 12 - 13.) Respondent states that in Petitioner's instant Petition, "Petitioner makes the same argument, but adds that the lower court should have considered additional facts (for instance, declining recidivist rates as one ages) in addition to the state legislature's purported primary purpose for permitting enhancement of sentences." (Id., p. 13.) Respondent, therefore, contends that Petitioner failed to exhaust his argument that his recidivist sentence "contravenes the state's legislative intent and contravenes various social phenomena." (Id.)

In Response, Petitioner argues that "[t]he Supreme Court of Appeal of West Virginia was apprised of the facts supporting coherent claims for relief in 2012 and 2014." (Document No. 26, p. 18.) Petitioner contends that he "presented to the highest state court what are, in 'substance,'

the same claims for relief that petitioner now asks this Court to consider." (<u>Id.</u>) Petitioner, therefore, contends that the claims asserted in Ground Three were fairly presented and should be deemed exhausted. (<u>Id.</u>)

First, the undersigned will consider Petitioner's 2012 State *habeas* proceedings. As explained above, Petitioner's initial State *habeas* petition and subsequent *habeas* appeal involved only claims of ineffective assistance of counsel. Accordingly, Ground Two was not fairly presented to the State courts during these proceedings. On remand, Petitioner presented a number of claims in his Amended State *habeas* Petition. The Circuit Court granted *habeas* relief based upon Petitioner's ineffective assistance of counsel claim and denied all remaining grounds as moot. Petitioner did not file a *habeas* appeal to the West Virginia Supreme Court of Appeals concerning the denial of his remaining claims. Accordingly, the additional grounds asserted in Petitioner's Amended State *habeas* Petition were not presented to the West Virginia Supreme Court and cannot be fully exhausted. Accordingly, Petitioner's State *habeas* proceedings did not result in exhaustion of any of the claims asserted in Ground Three.

Next, the undersigned will consider whether any of the claims asserted in Ground Three were fairly presented in Petitioner's direct appeal. In Assignment of Error No. 5, Petitioner argued that the trial court committed reversible error in improperly enhancing the Petitioner's recidivist sentence. (Document No. 18-2, pp. 52, 60 - 63.) Specifically, Petitioner argued that there was no legislative authority supporting the trial court's decision to double "the highest individual sentence rather than the lowest in a multi-count conviction for the recidivism-triggering offenses." (<u>Id.</u>) Petitioner argued that since the W. Va. Code § 61-11-18(a) was ambiguous, the rule of lenity should apply against the imposition of such a harsh sentence.

24

(Id.) Thus, the undersigned finds that Ground 3(a) is exhausted. A thoroughly review of the record, however, reveals that Petitioner did not present any claim challenging his recidivist sentence based upon the trial court's failure to consider Petitioner's age and the legislature's intent in enacting W. Va. Code § 61-11-18. The undersigned, therefore, finds that Petitioner failed to exhaust Ground 3(b) and (c). Based upon the foregoing the undersigned finds that Petitioner has filed mixed Petition containing both exhausted and unexhausted claims.

**3.      Motion for Leave to Hold Petition in Abeyance:**

In his "Motion for Leave to Hold the § 2254 Writ of Habeas Corpus in Abeyance," Petitioner requests that the Court stay the current proceedings and allow Petitioner to return to State court to fully exhaust his claims. (Document No. 23.) Petitioner contends that he had until August 29, 2016 to file a timely Section 2254 Petition. (Id., p. 4.) Petitioner states that while he "believes he fairly presented at least one constitutional issue to the Supreme Court of Appeal in 2012," he filed a more detailed *habeas* petition with the Circuit Court on May 5, 2016. (Id., p. 5.) Petitioner appears to argue that there is "good cause" for a stay of the current proceedings because the filing of any subsequent federal *habeas* petition would be untimely. (Id., pp. 9 - 12.) Petitioner further argues that his unexhausted claims are potentially meritorious. (Id.)

In Response, Respondents argue that Petitioner "cannot show 'good cause' when he failed – entirely – to file a State *habeas* petition after his direct appeal was denied." (Document No. 25, p. 3.) Respondents explain that Petitioner did not diligently pursue State relief following his direct appeal. (Id.) Respondents note that Petitioner did nothing in State court following his direct appeal. (Id.) Finally, Respondents note that there is no need for a stay of the current proceeding because the filing of Petitioner's State *habeas* petition would toll the limitations

period under AEDPA. (<u>Id.</u>, p. 4.) Thus, Respondent contends that "there are absolutely no policy or legal considerations in support of holding Petitioner's federal *habeas* petition in abeyance." (<u>Id.</u>)

When a State prisoner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the district Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in State Court; or (3) allow the petitioner to remove the unexhausted claim claims and proceed with the exhausted claims. <u>Rhines v. Weber</u>, 544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.E.2d 440 (2005). In <u>Rhines</u>, however, the Supreme Court cautioned that a "[s]tay and abeyance, if employed too frequently, has the potential to undermine" the twin purposes of the total exhaustion requirement and the limitation period. <u>Id.</u>, 544 U.S. at 277, 125 S.Ct. at 1534. Specifically, the Supreme Court explained as follows:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

<u>Id.</u>, 544 U.S. at 277, 125 S.Ct. at 1535. Thus, a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id.</u> (noting that "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim."); <u>also see</u> <u>Demere v. Ballard</u>, 2013 WL 5352950 (N.D.W.Va. Sept. 24, 2013)("this procedure is only appropriate where an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in

federal court"). Applying this standard to the facts of the instant case, the undersigned finds that a stay and abeyance is not warranted.

Section 2244(d)(1)(A) provides that a Section 2254 *habeas* petition must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[8] If the Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Petitioner's conviction and sentence were affirmed by the West Virginia Supreme Court on May 29, 2015, and Petitioner's petition for

---

[8] Title 28, United States Code, Section 2244(d)(1) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

rehearing was refused by the West Virginia Supreme Court on August 25, 2015.[8] Petitioner did

not file a Petition for Writ of Certiorari in the United States Supreme Court, and therefore his

conviction became final under 28 U.S.C. § 2244(d)(1)(A) on or about November 24, 2015 (90

days after the West Virginia Supreme Court of Appeals refused his Petition for Rehearing).[9]

Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the one-year statute of

limitation began to run on November 25, 2015, and Petitioner had until November 24, 2016, to

file a Section 2254 Application in the United States District Court, unless he first sought

post-conviction relief from the State Courts.

Petitioner timely initiated his Section 2254 proceedings with this Court on April 4, 2016.

(Document No. 2.) The statute of limitations, however, was not tolled by the filing of the Section

2254 Petition. *See Duncan v. Walker*, 533 U.S. 167, 172, 121 S.Ct. 2120, 2124, 150 L.Ed.2d 251

(2001)("[A] properly filed federal habeas petition does not toll the limitation period."). Since the

statute of limitations was not tolled by the filing of Petitioner's Section 2254 petition, the

limitations period continued to run until Petitioner filed his State *habeas* Petition. Petitioner filed

his State *habeas* Petition on April 27, 2016,[10] which was 154 days after the statute of limitation

---

[8]  Petitioner's resentencing restarted the clock for purposes of AEDPA's one-year limitation period. *Harper v. Ballard*, 2013 WL 285412, *4 - 6 (S.D.W.Va. Jan. 24, 2013)(J. Chambers); *also see Horn v. Ballard*, 2009 WL 914879, * 2 (S.D.W.Va. March 31, 2009)(J. Faber)(finding that petitioner's Section 2254 petition was timely based upon the reinstatement of petitioner's direct appeal rights by means of resentencing).

[9]  An untimely petition for rehearing does not toll the statute of limitations. *See Shores v. Johnson*, 2011 WL 1897198, n. 3 (W.D.Va. May 16, 2011)(citing *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)). The undersigned, however, finds that Petitioner's petition for rehearing was timely filed pursuant to Rule 25 of the West Virginia Rules of Appellate Procedure.

[10]  Although Petitioner's Section 2254 Petition was received and filed by the Clerk on May 12,

period began to run. (Document No. 28-1.) Accordingly, the one-year statute of limitation is currently tolled by Petitioner's State *habeas* proceedings. Upon the conclusion of Petitioner's State *habeas* proceedings, Petitioner will have approximately 211 days[11] in which to file a Section 2254 Petition in federal court. Accordingly, the undersigned finds that dismissal will not jeopardize the timeliness of Petitioner's Section 2254 Petition, and he cannot at this time demonstrate good cause for his failure to present his claims to the State Courts prior to seeking federal *habeas* relief. Accordingly, undersigned recommends that Respondent's Motion to Dismiss Petition for Failure to Exhaust State Remedies" (Document No. 18) be granted, Petitioner's "Motion for Leave to Hold the § 2254 Writ of Habeas Corpus in Abeyance" (Document No. 23) be denied, and Petitioner's Petition must be dismissed without prejudice.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Respondents' "Motion to Dismiss an Improperly-Named Party and Correct Case Caption" (Document No. 16), **GRANT** Respondents' "Motion to Dismiss Petition for Failure to Exhaust State Remedies"(Document No. 18), **DENY** Petitioner's "Motion for Leave to Hold the § 2254 Writ of Habeas Corpus in Abeyance" (Document No. 23), **DISMISS** without prejudice Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State

---

2016, it appears that Petitioner's Section 2254 Petition was placed in the prisoner mailing system on April 27, 2016. (Document No. 28-1, p. 16.) The "prison mailbox rule" as announced in *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), requires the Court to consider an inmate's submission as filed when he delivers it to prison officials for mailing. *See Lewis v. Richmond City Police Department*, 947 F.2d 733, 735-36 (4th Cir. 1991).

[11] Petitioner is hereby **NOTIFIED** that the calculations of the statute of limitations set forth in this Proposed Finding and Recommendation are not conclusively correct. It is Petitioner's

Custody (Document No. 2), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Goodwine, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: October 17, 2016.

Omar J. Aboulhosn
United States Magistrate Judge

responsibility to file his petition correctly and timely.